IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA SMITH,

    *Plaintiff,*

    v.

CHRISTINE WORMUTH,
SECRETARY OF THE U.S.
DEPARTMENT OF THE ARMY,

    *Defendant.*

Civil Action No. ELH-20-419

## MEMORANDUM

The self-represented plaintiff, Amanda Smith, filed suit against the defendant, the Secretary of the U.S. Department of the Army. ECF 1 (the "Complaint").[1] The Complaint lodged five claims, all under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. ("Rehabilitation Act"), in relation to Smith's service as a civilian employee of the Department of the Army. Smith also invoked the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*.

In particular, Smith alleged "Disability Discrimination in Violation of the Rehabilitation Act" (Count I); "Failure to Accommodate in Violation of the Rehabilitation Act" (Count II); "Interference in Violation of the Rehabilitation Act" (Count III); Retaliation, in violation of the Rehabilitation Act (Count IV); and "Violation of Confidentiality Provisions of the Rehabilitation Act," under 29 U.S.C. § 791(g) and 29 C.F.R. § 1630.14(b)(1) et seq. (Count V). *See* ECF 1.

---

[1] Ryan McCarthy, then the Secretary of the Army, was originally named as defendant. On September 3, 2021, Christine Wormuth, the current Secretary of the Army, was substituted as defendant by the Court, pursuant to Fed. R. Civ. P. 25(d). *See* ECF 21 at 1 n.1; ECF 22.

Count I and Count IV also alleged hostile work environment.  And, Count III and Count IV both asserted retaliation claims.

Thereafter, defendant moved to dismiss under Fed. R. Civ. P. 12(b)(1), (5), and (6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a).  ECF 10 (the "Motion").  Plaintiff opposed the Motion (ECF 15), and defendant replied (ECF 16).  In a 53-page Memorandum Opinion (ECF 21) and Order (ECF 22) of September 3, 2021, I construed the Motion as a motion to dismiss.  And, I granted it in part and denied it in part.[2]

Specifically, I dismissed Count V, alleging breach of confidentiality, on exhaustion grounds.  ECF 21 at 28-33.  And, I dismissed the hostile work environment claims in Count I and Count IV.  *Id.* at 46-50.  But, I denied the Motion as to plaintiff's claims for disability discrimination (Count I), failure to accommodate (Count II), and retaliation (Count III and Count IV).  *Id.* at 28, 32-33, 38-46.

Thereafter, defendant answered the suit.  ECF 32.[3]  The Court then issued a Scheduling Order.  ECF 33.  The dates were later extended (ECF 43), pursuant to a joint request.  ECF 42.  Discovery is scheduled to conclude on April 15, 2022, with dispositive motions due by May 16, 2022.  ECF 43.

On November 12, 2021, plaintiff filed a "Motion for Reconsideration."  ECF 45 (the "Motion to Reconsider").  The Motion to Reconsider appears to ask the Court to reconsider its dismissal of "[c]laims . . . regarding Discrimination, Interference, Retaliation, and Confidentiality

---

[2] I also ordered plaintiff to effect service of process by September 24, 2021. ECF 22. I later granted an extension request to plaintiff until October 7, 2021. ECF 25. Summons were returned executed by plaintiff on October 7, 2021. ECF 30.

[3] As discussed, *infra*, plaintiff filed a "Response to Defendant's Answer to Plaintiff's Complaint" (ECF 48), accompanied by 23 exhibits. ECF 48-1 to ECF 48-23. However, the Federal Rules of Civil Procedure do not contemplate such a pleading. *See* Fed. R. Civ. P. 7(a).

provisions." *Id.* at 1.  With the Motion to Reconsider, plaintiff submitted "supplemental evidence" regarding her claims pertaining to worker's compensation; hostile work environment; the "Voluntary Leave Transfer Program" ("VLTP"); and breach of confidentiality. *Id.*  The remainder of ECF 45 consists of more detail as to plaintiff's request for reconsideration of the "denied claims regarding workers compensation" (*id.* at 3-8), and more detail as to plaintiff's claim concerning a hostile work environment.  *Id.* at 10-22.

Some 48 documents are included with the Motion to Reconsider, either at ECF 45, ECF 46, or ECF 47.[4]  In ECF 45-1, plaintiff provides additional information as to her request for reconsideration of the "denied claims regarding the" VLTP.  In ECF 45-2, she provides more information as to her request regarding Smith's claim for breach of confidentiality.  The remaining 46 documents are various "supplemental exhibits," such as emails, letters, forms, and transcripts. ECF 45-3 to ECF 45-36; ECF 46; ECF 46-1 to ECF 46-8; ECF 47; ECF 47-1; ECF 47-2.  All told, the Motion to Reconsider and its exhibits total nearly 400 pages.

Curiously, plaintiff also filed a "Response To Defendant's Answer to Plaintiff's Complaint."  ECF 48.  It is accompanied by 23 exhibits.  ECF 48-1 to ECF 48-23.  However, the exhibits continue the numbering scheme from the supplemental exhibits attached to the Motion to Reconsider (*i.e.*, ECF 48-1 is captioned "Supplemental Exhibit 83").  It is unclear whether plaintiff seeks to include these exhibits in support of the Motion to Reconsider.

---

[4] For technical reasons, the exhibits to the Motion to Reconsider are spread across three docket entries. *See* ECF 45; ECF 46; ECF 47. The exhibits in ECF 47 are filed under seal.

Although there are 46 "supplemental exhibits," it is not clear that plaintiff submitted all supplemental exhibits she intended to, as they are nonconsecutively numbered. For example, ECF 45-3, the first exhibit, is captioned "Supplemental Exhibit 10." But, supplemental exhibits 1 through 9 do not appear on the docket. And, the last exhibit is captioned "Supplemental Exhibit 82," even though there are only 46 exhibits.

Defendant has not responded to the Motion to Reconsider.  No hearing is necessary to resolve it.  For the reasons that follow, I shall deny the Motion to Reconsider.

### I. Legal Standard

My earlier ruling (ECF 21; ECF 22) regarding defendant's Motion was an interlocutory order, because it adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties."  Fed. R. Civ. P. 54(b).  A motion for reconsideration of an interlocutory order is governed by Fed. R. Civ. P. 54(b).  An order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *Id*.

The Fourth Circuit has distinguished between Rule 54(b) and Rule 59(e), which governs reconsideration of final judgments, explaining that Rule 54(b) "involves broader flexibility" to account for new facts and arguments as the litigation unfolds.  *See Carlson v. Bos. Sci. Corp*., 856 F.3d 320, 325 (4th Cir. 2017); *Am. Canoe Ass'n v. Murphy Farms, Inc*., 326 F.3d 505, 514-15 (4th Cir. 2003).  However, the Fourth Circuit has admonished that "the discretion afforded by Rule 54(b) 'is not limitless,'" and the Court has "'cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case.'"  *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d at 325).

The law of the case doctrine "generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"  *Musacchio v. United States*, 557 U.S. 237, 244-45 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)); accord *Arizona v. California*, 460 U.S. 605, 618 (1983); *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019); *Carlson*, 856 F.3d at 325; *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). The doctrine's effect is to bar a party from resurrecting issues that were

previously decided or "'decided by necessary implication.'"  *United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (quoting *Sejman v. Warner-Lambert Co., Inc*., 845 F.2d 66, 69 (4th Cir. 1988)). In so doing, the law of the case doctrine advances the interests of efficiency, judicial economy, and finality.  *See Christianson v. Colt Indus. Oper. Corp*., 486 U.S. 800, 816 (1988) (observing that the doctrine safeguards the "efficiency of the judicial process by protecting against the agitation of settled issues"); *United States v. Philip Morris USA Inc*., 801 F.3d 250, 257 (D.C. Cir. 2015) (noting that the law of the case "reflects the understanding that 'inconsistency is the antithesis of the rule of law'") (citation and alteration omitted).

When applied to a court's interlocutory rulings, the law of the case doctrine "is not an 'inexorable command' but rather a prudent judicial response to the public policy favoring an end to litigation." *Sejman*, 845 F.2d at 68 (citation omitted).  Accordingly, the Fourth Circuit has instructed that a court should revise an interlocutory order only to account for "'(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'"  *Tobacco Coop*., 899 F.3d at 256 (quoting *Carlson*, 856 F.3d at 325).

The first of these bases "account[s] for potentially different evidence discovered during litigation."  *U.S. Tobacco Coop*., 899 F.3d at 256 (quoting *Carlson*, 856 F.3d at 325).  By its terms, however, this ground refers to evidence discovered *during* litigation, not simply to material that a party could have offered initially, but chose not to.  *See Carlson*, 856 F.3d at 326 (affirming denial of motion for reconsideration of summary judgment when testimony cited by movant was available well before summary judgment briefing).  "[A] party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (E.D.N.C. 2003) (quoting *Fidelity State Bank, Garden City, Kan. v. Oles*, 130 B.R. 578, 581 (D. Kan. 1991)) (alteration mine).

The Fourth Circuit has also colorfully explained how difficult it is to meet the third basis for reconsideration. It has said: "As we have noted on more than one occasion, '[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong.'" *U.S. Tobacco Coop.*, 899 F.3d at 258 (quoting *TFWS, Inc.*, 572 F.3d at 194) (alterations in *U.S. Tobacco Coop.*). In other words, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" *Lynn v. Monarch Recovery*, 953 F. Supp. 2d 612, 620 (D. Md. 2013) (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, RWT-08-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)).

Local Rule 105.10 is also pertinent. With exceptions not applicable here,[5] Local Rule 105.10 provides that "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." *See, e.g.*, *Direct Benefits, LLC v. TAC Fin., Inc.*, RDB-13-1185, 2019 WL 3804513, at *4 (D. Md. Aug. 13, 2019); *Humane Soc. of U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, DKC-13-1822, 2017 WL 1426007, *5 (D. Md. Apr. 21, 2017).

## II. Discussion

Application of these principles plainly compels denial of plaintiff's Motion to Reconsider (ECF 45). As an initial matter, the Motion to Reconsider is untimely. I issued my ruling on September 3, 2021. ECF 21; ECF 22. The Motion to Reconsider followed more than two months

---

[5] Local Rule 105.10 begins: "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60 . . . ." As discussed, a request for reconsideration of an interlocutory order is governed by Rule 54(b). Therefore, the exceptions to the fourteen-day requirement of Local Rule 105.10 do not apply here.

later, on November 12, 2021.  Even accounting for her pro se status and various initial attempts at requesting reconsideration, this period is substantially in excess of the 14-day time frame provided by Local Rule 105.10.  A delay of this magnitude suffices for rejection.

In any event, even when considering the Motion to Reconsider on the merits, it also fails. The Motion to Reconsider references reconsideration of the Court's rulings as to the claims of discrimination, interference, retaliation, and breach of confidentiality.  ECF 45 at 1.  But, the Court found in plaintiff's favor on her claims of discrimination, interference, and retaliation, and declined to grant the defense Motion as to these counts.

The Motion to Reconsider discusses plaintiff's claims regarding workers' compensation; hostile work environment; the VLTP; and breach of confidentiality.  *Id.*  But, plaintiff did not bring discrete claims as to workers' compensation or the VLTP.  Instead, these issues were raised as part of plaintiff's broader claims.  In particular, plaintiff claimed that defendant "sabotaged" her workers' compensation claim as an act of disability discrimination or retaliation.  *See* ECF 21 at 5-7, 9-10, 32.  And, plaintiff also claimed that defendant retaliated against her by interfering with her access to the VLTP.  *See id.* at 5-6, 32.  As noted, I declined to dismiss plaintiff's discrimination and retaliation claims.  Thus, it is not clear what sort of reconsideration plaintiff seeks regarding these issues.  Insofar as plaintiff is attempting to add new claims related to these issues, this is not a proper use of a motion for reconsideration.

Accordingly, I construe the Motion to Reconsider as one for reconsideration of the Court's rulings as to claims for breach of confidentiality and hostile work environment, which were the claims for which I granted the Motion.  As for these issues, however, the Motion to Reconsider falls far short of identifying evidence obtained through the litigation; a change in applicable law; or clear error causing manifest injustice.

As to breach of confidentiality, I dismissed plaintiff's breach of confidentiality claim because there was no evidence that plaintiff had presented an administrative claim as to this issue. *Id*. at 33. Thus, plaintiff had failed to exhaust her administrative remedies, as required by law. *See id*. at 28-33. The portion of the Motion to Reconsider that appears to be related to the confidentiality claim provides additional detail and documentation as to plaintiff's allegations. ECF 45-2. But, it contains no discussion of exhaustion, nor any suggestion that plaintiff did, in fact, file an administrative claim as to this issue. Thus, the Motion to Reconsider provides no basis to reconsider the Court's ruling as to breach of confidentiality.

With regard to hostile work environment, the relevant portion of the Motion to Reconsider contains a detailed description of the events plaintiff alleges support her hostile work environment claim, citing to various exhibits. ECF 45 at 10-22. Many of these factual allegations, such as the incident between plaintiff and Barbara Monger on April 29, 2013 (*id*. at 16-17), were made in the Complaint (*see, e.g.*, ECF 1, ¶¶ 13-33) and discussed in my Memorandum Opinion. *See* ECF 21 at 3-4, 49-5. With regard to the new allegations and documents, there is no indication that any have been obtained through litigation, or were otherwise unavailable to plaintiff when she filed suit. Instead, plaintiff appears simply to make allegations, and to cite documents, that she knew of when she filed the suit. This is not a proper ground for reconsideration. *See Carlson*, 856 F.3d at 325-26; *Duke Energy Corp.*, 218 F.R.D. at 474.

In essence, plaintiff essentially seeks to amend her suit to offer additional allegations, without satisfying the strictures of Fed. R. Civ. P. 15, governing amendments. The additional allegations and the submission of some 400 pages worth of documents is not a substitute for the rules that govern amendment. *See Christianson*, 486 U.S. at 816; *Philip Morris USA Inc.*, 801 F.3d at 257.

Nor does the material in plaintiff's Motion to Reconsider suggest that the Court erred in dismissing her hostile work environment claim, much less at the level of "'clear error causing manifest injustice.'"  *Tobacco Coop.*, 899 F.3d at 256 (quoting *Carlson*, 856 F.3d at 325).  To establish a claim of hostile work environment under the Rehabilitation Act, plaintiff must demonstrate that she "is a qualified individual with a disability."  *Edmonson v. Potter*, 118 Fed. App'x. 726, 730 (4th Cir. 2004) (per curiam).  She must also demonstrate that the alleged conduct of the employer: (1) was unwelcome; (2) resulted because of her disability; (3) was "'sufficiently severe or pervasive' to alter the conditions" of her employment; and (4) was "imputable to [her] employer."  *Pueschel v. Peters*, 577 F.3d 558, 565-66 (4th Cir. 2009) (*quoting Ocheltree v. Scollon Prods.*, Inc., 335 F.3d 325, 338 (4th Cir. 2003) (en banc)); *see Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019).

I dismissed plaintiff's hostile work environment claim because I found that the alleged incidents, even if true, did not rise to the level of being sufficiently severe and pervasive so as to alter the conditions of Smith's employment.  ECF 21 at 49-50.  I also found that plaintiff had not adequately alleged facts that, if true, showed that the hostile conduct was based on her disability. *Id*. at 50.

As noted, many of the facts and incidents asserted in the Motion to Reconsider were already alleged in the Complaint.  The Motion to Reconsider amplifies and offers greater detail as to some of these allegations, including some incidents that do not appear to have been alleged in the Complaint.  But, none of this additional information alters the conclusion that the alleged conduct was not "severe and pervasive" as that term is defined by law.  Indeed, as I noted in my ruling, courts have declined to find a hostile work environment based on workplace conduct far more egregious than what is alleged here.  *Cf. Buchhagen v. ICF Int'l, Inc.*, 545 Fed. App'x 217, 219

(4th Cir. 2013) (per curiam); *Vincent v. MedStar S. Md. Hosp. Ctr.*, No. 16-cv-1438-TDC, 2017 WL 3668756, at *9-10 (D. Md. Aug. 22, 2017); *Tims v. Carolinas Healthcare Sys.*, 983 F. Supp. 2d 675, 680-81 (W.D.N.C. 2013)

In sum, as best I can interpret it, the Motion to Reconsider does not provide adequate grounds under Rule 54(b) to reconsider my prior ruling.

### III. Conclusion

For the foregoing reasons, I shall deny the Motion to Reconsider. An Order follows.


Date: January 4, 2022                                  _____/s/_____

                                                       Ellen L. Hollander
                                                       United States District Judge

- 10 -